FILED

AUG 07 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______________________
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **PAUL MICHAEL NEJTEK,** *Plaintiff,* | § | |
| v. | § | Case No.: **DR:25-CV-00057-EG-MHW** |
| **FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,** *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation (the "Recommendation"), ECF 21, of the Honorable Matthew H. Watters, United States Magistrate Judge, entered on May 18, 2026. Judge Watters recommends that the Court grant Plaintiff's Unopposed Motion for Attorney's Fees (the "Motion"), ECF 19, filed on April 14, 2026. Upon review of the Recommendation, the record, and the applicable law, the Court **ADOPTS** the Recommendation and **GRANTS** the Motion.

On January 20, 2026, Judge Watters remanded this case to the Commissioner of Social Security for further administrative proceedings pursuant to sentence-four of 42 U.S.C. § 405(g). (R&R 1, ECF No. 21). On April 14, 2026, Plaintiff petitioned to recover from Defendant $8,500 in attorney's fees and an additional $405 initial filing fee. (*Id.* at 2). In support of his Motion, Plaintiff argues that Defendant's position was not substantially justified. (*Id.*). He further asserts that he was the prevailing party in this action, submitted an application within ninety days of the date the judgment was entered, and had a net worth that did not exceed two million dollars at the time the lawsuit was filed. (*Id.*). He also represents that the requested amounts were reasonable under the Equal Access to Justice Act, 28 U.S.C. 2412(d). (*Id.*).

None of the Parties have filed an objection to the Recommendation "within fourteen days after being served with a copy . . . ." 28 U.S.C. § 636(b)(1). Accordingly, the Court reviews the

Recommendation to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

To recover attorney's fees and related legal fees, a petitioner must show that Defendant's "position in the litigation was not substantially justified." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. § 2412(d)(1)(A)). The petitioner must further establish that he prevailed in the lawsuit, submitted an application within ninety days from the entry of final judgment, and had a net worth that did not exceed two million dollars at the time the lawsuit was filed. *See* 28 U.S.C. § 2412(d); *see also Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993) (holding that entry of final judgment triggers the 90-day application period for attorney's fees). Courts also retain significant flexibility in determining the reasonableness of the requested fees. *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990).

The Court concludes that the findings and conclusions within the Recommendation are neither clearly erroneous nor contrary to law. Plaintiff satisfied the first requirement because Defendant, by remaining silent, has not met its "burden of establishing that the position of the United States was substantially justified." *Scarborough v Principi*, 541 U.S. 401, 414 (2004) (internal quotations omitted). Second, Judge Watters ordered a sentence-four remand under 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("a party who wins a sentence-four remand order is a prevailing party"). Third, Plaintiff filed the Motion on April 14, 2026, which was within ninety days from the entry of final judgment. (R&R, at 4). Lastly, Defendant does not oppose Plaintiff's representation that his net worth did not exceed two million dollars at the time the lawsuit was filed. *See Deacon v. Kijakazi*, No. SA-23-CV-00317-ESC, 2024 WL 1978023, at *1 (W.D. Tex. May 3, 2024) (allowing a plaintiff who only averred that his net worth was under $2 million to recover attorney's fees). Having satisfied all four eligibility requirements, the Court

further finds that the requested fees are reasonable. *See Quiles v. Comm'r of Soc. Sec.*, No. SA-24-CV-00669-JKP, 2025 WL 4954304, at *2 (W.D. Tex. Oct. 27, 2025) (awarding $8,580 in attorney's fees based on 39 billable hours at a rate of $220 per hour).

**IT IS THEREFORE ORDERED** that the Honorable Magistrate Judge Matthew Watters's Report and Recommendation, ECF 21, be **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for Attorney's Fees, ECF 19, be **GRANTED.** Defendant shall pay Plaintiff a total of $8,500 in attorney's fees and an additional $405 for the filing fee under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. 2412. However, as previously agreed upon between Plaintiff and Plaintiff's attorney, if the United States Department of Treasury determines that Plaintiff does not owe a federal debt, Defendant shall pay fees to Plaintiff's attorney, Karl E Osterhout, at **521 Cedar Way, Suite 200, Oakmont, Pennsylvania 15139.**

**IT IS FURTHER ORDERED** that Defendant's payment of this amount shall bar any and all claims Plaintiff may have relating to fees under EAJA and expenses in connection with this action.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount does not prohibit Plaintiff's right to seek attorney's fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of EAJA.

**SIGNED**, this 7th day of August 2026.

Ernest Gonzalez

ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE